# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE
September 3, 2009 Session

## KIMBERLY POWELL v. COMMUNITY HEALTH SYSTEMS, INC. ET AL.

**Appeal by Permission from the Court of Appeals, Eastern Section**
**Chancery Court for Bradley County**
**No. 05285      Jerri S. Bryant, Chancellor**

---

**No. E2008-00535-SC-R11-CV - Filed May 24, 2010**

---

GARY R. WADE, J., concurring in part and concurring in the judgment.

I concur in the judgment and in the reasoning of all but Sections III and IV.B of the majority's opinion. In Section III, the majority holds that "the first step" in addressing whether to apply the peer review privilege set forth in Tennessee Code Annotated section 63-6-219(e) "is to determine whether the subject matter of the underlying proceeding is within the subject matter covered by the statute." In Section IV.B, the majority relies on the rationale developed in Lee Medical, Inc. v. Beecher, ___ S.W.3d ___ (Tenn. 2010), observing "that the privilege in [section] 63-6-219(e) applies only to peer review proceedings regarding a physician's professional conduct, competence, and ability to practice medicine." The majority determines "that some, but not all, of the functions of the Quality Review Committee [at Cleveland Community Hospital] were peer review proceedings involving the professional conduct, competence, and ability to practice medicine of the physicians on the hospital's medical staff."

For the reasons set forth in the dissent in Lee Medical, I believe this step in the majority's analysis is without basis in either the plain language or the legislative history of the peer review statute. The majority correctly holds that the Quality Review Committee was a "peer review committee" as defined in Tennessee Code Annotated section 63-6-219(c) because the committee conducted a focused investigation into the increased rate of post-operative infections, the purpose of which "was to evaluate and improve the quality of the health care at the hospital." Furthermore, neither of the two exceptions to the peer review privilege apply because the documents and records related to the Quality Review Committee's investigation were generated outside the regular course of the hospital's business, and the hospital's infection control director, Sherri Sexton, was not an "original source" of the information that she collected at the committee's behest. See Tenn. Code Ann. § 63-6-219(e). Thus, the peer review privilege in section 63-6-219(e) precludes discovery.

I am authorized to state that Chief Justice Holder joins in this concurring opinion.


_____
GARY R. WADE, JUSTICE